**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISOME JOHNSON, | |
| Petitioner, | Civil Action No. 16-7816 (CCC) |
| v. | **MEMORANDUM AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

*Pro se* Petitioner Isome Johnson, a prisoner confined at the United States Penitentiary, Allenwood in White Deer, Pennsylvania, seeks to file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("Motion"). Petitioner has declared that this Motion sets forth all grounds for relief and is his one, all-inclusive motion. (ECF No. 1 at 15.) At this time, the Court must screen the amended motion for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

In the Motion, Petitioner raises two claims under *Beckles v. United States*, 136 S. Ct. 2510 (2016), a grant of certiorari for a case that has yet to be decided by the Supreme Court. (ECF No. 1 at 5-6.) However, *Beckles* was simply an order granting certiorari—no decision in *Beckles* has been issued. *See* https://www.supremecourt.gov/search.aspx?filename=/docketfiles/15-8544.htm (Supreme Court docket of *Beckles* showing that no decision has been issued) (visited Dec. 22, 2016). Given that *Beckles* has yet to be decided, Petitioner's right to relief has not yet accrued, and the Motion does not state a claim upon which relief may be granted. As such, Petitioner must wait until a decision has been issued under *Beckles* before filing another petition, provided that

1

*Beckles* eventually recognizes "the right asserted [and] if that right [is] retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).[1]

**IT IS** therefore on this ___22___ day of ___December___, 2016,

**ORDERED** that the Petition is hereby **DISMISSED WITHOUT PREJUDICE**; it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Petitioner by regular mail, and shall **CLOSE** the file.

_____
Claire C. Cecchi
U.S.D.J.

---

[1] The Court notes that it is not construing the Motion as raising a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015), a decision from which the issues in *Beckles* derive from. Because *Johnson* was decided on June 26, 2015, and the instant Motion was not filed until October 18, 2016, Petitioner is time-barred from raising any claims under *Johnson*. *See* 28 U.S.C. § 2255(f) (stating that any claim "on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" must be brought on a § 2255 motion within one year from the date the right was recognized).

2